NEWLAND (Case No. 10,171)

[18 Fed. Cas. page 92]

## Case No. 10,171.

### In re NEWLAND.

[7 Ban. 63; [1] 9 N. B. R. 62; 2 Ins. Law J. 860, 895; 4 Bigelow, Ins. Cas. 283.]

District Court, S. D. New York. Nov. 21, 1873.[2]

INSURANCE ON BANKRUPT'S LIFE—RIGHT OF CREDITOR WHO KEPT POLICY ALIVE — SECURITY FOR DEBT.

1. An insurance policy on the life of a bankrupt was set forth in his list of debts, as security for a debt. The debt was originally $4,000. The policy was for $4,000. Before the bankruptcy, $550 had been paid on the debt. The debt was proved at $3,450. The surrender value of the policy at the time was credited on the

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]
[2] [Affirmed by circuit court. Case unreported.]

debt by order of the court, at $13.13; and a dividend of $641.64 from the bankrupt's estate was paid on the debt. The holder of the policy kept it alive by paying the premiums, instead of surrendering it, and, before another dividend was paid by the estate, the bankrupt died, and the insurance policy became due. *Held*, that the holder of the policy was not entitled to receive and keep all the insurance money;

2. The debt must be charged at its original amount, without deducting the surrender value, with interest. the payments of $550 and $641.64 must be credited on it, with interest. and the amount received on the policy must be applied to extinguish the balance due on the debt, the creditor having credit for all premiums paid by him after the petition in bankruptcy was filed, and out of the balance. if any, the assignee must be refunded the $550 and the $641.64, with interest.

[In the matter of Frank F. Newland, a bankrupt.]

Charles M. Earle, for assignee.
John L. Hill, for creditor.

BLATCHFORD, District Judge. On the 16th of April, 1872, the bankrupt filed his voluntary petition in bankruptcy, and was, on the 23d of April, 1872, adjudged a bankrupt thereon. Among the debts proved against his estate was one by Mrs. Lucy Van Antwerp, his mother-in-law, on two promissory notes made by him, 'without interest, for money loaned to him by her at the dates of the notes, neither of which notes was due. The notes amounted to $4,000. The proof was for $3,450, the bankrupt having paid $550 upon the debt before his bankruptcy. On the 16th of April, 1870, the bankrupt took out a policy of life insurance, on his life, for $4,000, payable to Mrs. Van Antwerp, as collateral security for such debt. He paid the premiums on such policy quarter-yearly to the time of filing his petition. Afterwards, and to and including the premium for the quarter year during which the surrender value of the policy was fixed, as between Mrs. Van Antwerp and the assignee in bankruptcy, as hereafter mentioned, the premiums on the policy were paid with moneys furnished for the purpose by Mrs. Van Antwerp. In the schedules to the bankrupt's petition, and in the proof of debt by Mrs. Van Antwerp, the fact that the policy was a collateral security for the debt was set forth. Prior to the making of any dividend of the assets of the estate, the assignee and Mrs. Van Antwerp, by agreement, submitted to this court, for decision, the following questions: (1) Whether the assignee can require Mrs. Van Antwerp either to surrender the policy to him and take a dividend on all her claim, or to retain the policy and withdraw her proof of debt; (2) if such election on her part cannot be required, what shall be taken as the value of the collateral security, to be deducted from the debt, so as to arrive at the amount on which Mrs. Van Antwerp. is to receive a dividend from the estate? The court answered the first question in the negative, and decided that the value of the

policy, to be deducted from the debt. must be taken at $13.13, which was the then cash value of the policy, on a surrender of it to the life insurance company. Newland's Case [Case No. 10,170]. The $13.13 was credited on the debt. After making such credit, the debt, less a rebate of interest, stood, for a dividend, at $3,208.20. On this sum a dividend of 20 per cent. was declared, and the amount of such dividend, $641.64 was paid to Mrs. Van Antwerp, March 18th, 1873. Mrs. Van Antwerp retained the policy and kept it alive by paying the premiums which afterwards became due on it. After the dividend was paid, and during the life of the policy, the bankrupt died. Prior to the declaring of a second dividend, the following questions have been certified for decision: (1) After crediting the $13.13 upon Mrs. Van Antwerp's debt, had the assignee any further estate, right, or interest in the policy, or has he now in the proceeds? If yea, to what extent? (2) In case he has any such rights, is Mrs. Van Antwerp to be allowed for any, and, if yea, which, of the following items: (a) Rebate of interest, or proportion thereof, since her notes became due; (b) premiums furnished by her before the valuation and credit of the $13.13; (c) premiums paid by her after that? (3) Can she, in either case, retain the past and participate in future dividends, or can the assignee require her to withdraw from participation in further dividends? (4) If she is entitled to the whole $4,000 in the first instance, can she be required to return, or in any way give the assignee the benefit of, what has been already credited upon the original debt, viz. (a) the $550; (b) the $641.64 received by her as dividend?

It is contended, for the creditor, that the policy is her absolute property, subject to no equity of redemption by any person; that the value of the policy was fixed and deducted from the debt; that thereby the policy became her property, with liberty to her, if she chose, instead of surrendering it, and receiving its surrender value, to keep it alive, by paying premiums, and receive to herself its fruits; that the right of the assignee in the policy ceased, on its being so valued, and could not be revived by the fact that she chose to continue to pay premiums, when it never could have been revived if she had chosen to surrender it and receive the $13.13; that the policy would have been worthless, at the death of the bankrupt, had Mrs. Van Antwerp not paid the premiums; that she took the risk and is entitled to the profit of the investment; and that the question of the value of the policy, as against the assignee, is res adjudicata, and cannot be opened.

For the assignee, it is urged that the equity of the case is with him; that, if the creditor shall receive the $4,000, and shall retain the $550 and the $641.64, and shall receive further dividends from the estate, she will be more than paid her debt in full, while the other creditors will not be paid in full; that, if she shall repay the $550 and the $641.64, and be debarred from further dividends, she will still be paid in full, while the other creditors will not; that, therefore, by receiving the amount of her policy, she is paid more than her debt, and ceases to be a creditor; and that, consequently, the assignee should be declared to be entitled to an interest in the policy, as an asset of the estate, to the extent of the surplus remaining after paying the debt, and no further dividend should be paid on the debt. In support of these views, and in answer to those maintained by the creditor, it is insisted, that the former decision was only a direction made under circumstances then existing, to guide the assignee in respect to a dividend; and that Mrs. Van Antwerp took nothing but the right to keep the policy alive, and to be paid in full out of its proceeds, coupled with the obligation to pay to the assignee the surplus of the proceeds over the amount of her debt.

I am of opinion that the position taken by the creditor is not sound. The court, in fixing the $13.13 as the value of the policy, fixed it in reference to its value as it then stood, as a security created and upheld by the payment of the bankrupt's money, and one to which he had given all the value it then had. The determination of the relations between the estate and the creditor proceeded on the further basis, that the policy was to be surrendered and was to cease. Since that, the creditor has kept the policy alive; but she has done so as a security for her debt. It was only as a creditor that she had such an interest in the life of the bankrupt as to make it possible for her to have an insurable interest under the policy. The policy was taken out as such security, and has been continued as such security. It is not, however, now, and was not, when the bankrupt died, the same security which the court fixed the value of and applied on the debt at $13.13. That value was merely the then value of the investment of the bankrupt's money. The policy now is substantially a new security. It stands as if Mrs. Van Antwerp had never had any security under a policy until she began paying the premium herself after the $13.13 was credited. Suppose another creditor of the bankrupt's had, after his bankruptcy and before any dividend was made, taken out a policy on his life as security for the debt, and the bankrupt had died before any dividend was made, would it not have been necessary and proper to charge such creditor with the net amount realized on such security? Mrs. Van Antwerp has substantially taken out a new policy, since the bankruptcy and before a second dividend is made, and ought to credit on the debt what she realizes on the policy, besides crediting all other payments on the debt, and, when her debt is

thus paid, she ceases to be a creditor. The twenty-second section of the bankruptcy act provides that a proof of debt must set forth whether any and what securities are held for the debt and must state that the claimant has not, nor has any other person, for his use, received any security whatever other than that set forth; and the same section, and general order No. 34, provide for the re-examination of all claims and proofs of debt at any time. This policy was, in the hands of Mrs. Van Antwerp, as much a security for this debt after, instead of surrendering it, she went on keeping it alive, as it was before.

As the credit of the $13.13 was based on the surrender of the policy, that sum ought not to be credited, the policy not having been surrendered. The debt should be charged at its proper original amount, with proper interest. Then there should be credited on it the $550, with proper interest, and the $641.64, with proper interest. The amount of the policy, so far as necessary, should be applied to extinguish the balance due on the debt, Mrs. Van Antwerp having credit for, and being refunded, with interest, the amounts paid by her for premiums after the petition was filed, either through the bankrupt or directly. Out of the balance, if any, then left of the policy money, the assignee must be refunded the $550, with interest, and the $641.64, with interest. It is referred to the register to state an account on this basis and report it to the court.

[This decision was affirmed by the circuit court on review. Case unreported.]